**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FAUSTINO YACOBO and ) <br> LENARD FRAIDON KHAMO, ) <br> Individually and on behalf of others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEBORAH ACHIM, Chicago Field House ) <br> Director, U. S. Immigration and Customs ) <br> Enforcement and ) <br> CHICAGO FIELD OFFICE, U.S. ) <br> Immigration and Customs Enforcement, ) <br> ) <br> Defendants. ) | No.  06 C 1425 <br><br> HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Faustino Yacobo ("Yacobo") and Lenard Khamo ("Khamo") (collectively, "Plaintiffs") brought a mandamus petition in the Northern District of Illinois pursuant to 28 U.S.C. §1361 and 28 U.S.C. §1331(a) seeking to compel the Department of Homeland Security ("DHS") to release them from custody pending their removal from the United States.  Before this Court is Defendants' Deborah Achim and the Chicago Field House of the United States Immigration and Customs Enforcement, a division of DHS (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. For the following reasons, Defendants' motion is **GRANTED**.

## BACKGROUND

Plaintiffs were both ordered to be removed from the United States following removal proceedings before an Immigration Judge. However, due to the danger presented in their respective locations of removal, Sudan and Iraq, the Immigration Judge granted withholdings of removal. Both were subsequently released from custody after being detained pursuant to 8 U.S.C. §1231(a). The Plaintiffs have been released on supervision, but Plaintiffs contend that the Defendants can subject them to rearrest without prior warning, for violation or alleged violation of the terms of their release, or if the Defendants conclude that removal can be effectuated to a third country.

## STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Transit Exp. Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Thomason v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos*, 826 F.2d at 576.

On a motion to dismiss for failure to state a claim, the Court again accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed.R.Civ.P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of

the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### ANALYSIS

Under Article III of the United States Constitution, federal courts have jurisdiction over live cases and controversies. Generally then, when a case or controversy ceases to be live, federal courts lose subject matter jurisdiction over the case. An otherwise justiciable case becomes moot "when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994). Defendants argue that because the Plaintiffs have been released from custody, their claims are moot. Plaintiffs respond in a footnote that their claims are not moot because it is the Government's position that they are subject to rearrest without prior warning, for violation or alleged violation of the terms of their release, or if the Government concludes that removal to a third country can be effectuated or in the alternative, the class standing nullifies the mootness of the named Plaintiffs' claims. Therefore, Plaintiffs contend that the harm complained of here is capable of repetition yet evading review, such that the claim is not moot.

A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit. *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081 (7th Cir.1992). The parties must each have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Here, Plaintiffs

complained of being unlawfully held in custody during a 90 day removal period.  The nature of their mandamus action was to compel their release from custody.  Neither Plaintiff is currently in the custody of the Defendants.  28 U.S.C. §1361 provides that : "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  If the underlying duty that the Plaintiff complains the officer is obligated to perform has indeed been performed, the Plaintiff has nothing more to complain about.  Article III courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).  Defendants correctly point out that, aside from the declaratory and class injunctive relief, the remedy that plaintiffs seek on their own behalf has already occurred and cannot possibly be granted by this court.  Therefore, Plaintiffs have lost their individual interests in the outcome of this suit and their claims are moot.

Plaintiffs allege that their claims are not moot under the long-recognized exception to the mootness doctrine that where the harm complained of is capable of repetition, yet evading review, the claim is not moot.  To fall under this exception, each Plaintiff must demonstrate that "his claim is 'so inherently transitory that the trial court [did] not have enough time to rule on a motion for class certification before the proposed representative's individual interest expire[d],' and 2) he will again be subject to the alleged illegality."  *Holstein*, 29 F.3d at 1147 (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); and citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 110, (1983)).

Dealing with the second prong first, Plaintiffs must show that they will again be subjected to custody.  Plaintiffs allege that it is Defendants' position that they are subject to

rearrest without prior warning, for violation or alleged violation of the terms of their release, or if the Defendants conclude that removal to a third country can be effectuated. Such harm is not the same "alleged illegality" of which the Plaintiffs originally complained. The relevant harm here is allegedly unlawful custody. Defendants state in their reply memorandum that they have no plans to place either of the Plaintiffs into custody unless they commit a violation of their orders of supervision. Case law clearly instructs that "[t]he capable-of-repetition doctrine does not apply except in those exceptional situations where a plaintiff can reasonably show that he will again be subject to the alleged illegality." *Robinson v. City of Chicago*, 868 F.2d 959, 967 (7th Cir. 1989). Whether Plaintiffs violate their respective orders of supervision is much too speculative and remote to constitute a reasonable likelihood of being subjected to the same situation again.[1] In short, Plaintiffs have not satisfied the second prong of the exception to the mootness doctrine.

In *Geraghty*, the Supreme Court held that even where a named Plaintiff's (the purported class representative) claim became moot before the class was certified, the class action may survive where the named Plaintiff's claim was a live controversy at the time the representative commenced the action. 445 U.S. at 402-04. Plaintiffs have been released from custody. Both named Plaintiffs were in custody when the original habeas petition was filed and at least one of the named Plaintiffs was in custody when the amended mandamus complaint was filed. But the Court expressly limited the holding of *Geraghty* to those cases involving appeals of the denial of the class certification motion. *Id.* at 404. In this case, there has not been a ruling on class

---

[1] Plaintiffs' mandamus complaint is devoid of an allegation that the Defendants cannot submit the Plaintiffs to order of supervision or that the orders of supervision are unreasonable.

certification and Plaintiffs have not moved the Court to do so.  This mootness exception is premised upon the class having standing as its own entity at outset of the litigation and also before the class representatives' claims become moot.  The Seventh Circuit instructs "that a class does not become a separate entity until it is certified and, in turn, that a class will not be certified unless the named plaintiff has standing at that time." *Robinson*, 868 F.2d at 968 (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).  Here, because no class has been certified prior to the named Plaintiffs losing their interests in being freed from custody, this Court declines to find an exception to the mootness doctrine in this case. *Banks*, 977 F.2d at 1085-86.

As to the first prong of the exception analysis, Plaintiffs have not yet filed a motion for class certification although they did incorporate class allegations concerning the prerequisites and maintenance of a class action within their mandamus complaint.  Again, no class has been certified at this point and no other members of the alleged class have been named.  Plaintiffs merely state that they believe 20 - 40 individuals have been and are expected to be granted a Witholding of Removal annually.  Plaintiffs may have a colorable argument that custody during the 90 day removal period is transitory enough to satisfy this requirement. *But see Trotter v. Kinclar*, 748 F.2d 1177, 1884-85 (7th Cir. 1984).  However, since this Court finds that Plaintiffs have not satisfied the first prong of the mootness exception under *Holstein*, whether they can satisfy the second prong is irrelevant.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED** due to lack of subject-matter.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 30, 2007**