**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FAUSTINO YACOBO and ) <br> LENARD FRAIDON KHAMO, ) <br> Individually and on behalf of others similarly ) <br> situated, ) <br> ) <br>               **Plaintiffs,** ) <br> ) <br>         **v.** ) <br> ) <br> **DEBORAH ACHIM**, Chicago Field House ) <br> Director, U. S. Immigration and Customs ) <br> Enforcement and ) <br> **CHICAGO FIELD OFFICE, U.S.** ) <br> Immigration and Customs Enforcement, ) <br> ) <br>               **Defendants.** ) | No.   06 C 1425 <br><br> HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

On March 30, 2007, this Court granted Defendants' Deborah Achim and the Chicago Field House of the United States Immigration and Customs Enforcement, a division of DHS (collectively, "Defendants") Motion to Dismiss based upon the conclusion that the case was moot. Plaintiffs Faustino Yacobo ("Yacobo") and Lenard Khamo ("Khamo") (collectively, "Plaintiffs") brought a mandamus petition in the Northern District of Illinois pursuant to 28 U.S.C. §1361 and 28 U.S.C. §1331(a) seeking to compel the Department of Homeland Security ("DHS") to release them from custody pending their removal from the United States.

Plaintiffs were released from custody while the case was being adjudicated. This Court concluded that Plaintiffs lost their individual interests in the outcome of the suit and that their claims were moot. This Court also concluded that the Plaintiffs' claims were not subject to the

-1-

exception to the mootness doctrine that where the harm complained of is capable of repetition, yet evading review, the claim is not moot because Plaintiffs had not shown that either would again be subjected to the alleged illegality. *See Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994) (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); and citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 110, (1983)).

Plaintiffs contend that they were not given an opportunity to fully brief issues relating to the alleged "mootness" of their claims due to Defendants' failure to make their arguments relating to the "capable of repetition, yet evading review" doctrine prior to filing their reply brief. Before the Court now is Plaintiffs' Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) based upon their contentions that the Court's ruling was outside the adversarial issues presented to the Court and that they were denied an opportunity to respond to the Defendants' arguments.

## STANDARD OF DECISION

A court may grant a motion to amend a judgment in three circumstances: 1) there is newly discovered evidence; 2) there has been an intervening change in the law; or 3) the judgment reflects a manifest error in the law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent" on the part of the court. *Oto*, 224 F.3d at 606 (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Such situations rarely occur, however, and the so-called "motion to reconsider" should likewise be rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185,

1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

## DISCUSSION

Plaintiffs contend that the Order dismissing their case for mootness should be amended or altered because the Court's ruling was made "outside the adversarial issues presented" to the Court and that they were denied an opportunity to respond to the Defendants' arguments. Basing a ruling on issues not raised through the adversarial process or not raised on the defendant's initial motion to dismiss yet relied upon would most likely qualify as a manifest error of law. *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983); *Above the Belt, Inc.*, 99 F.R.D. at 101; *see also Help at Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 754 (7th Cir. 2001). However, contrary to Plaintiffs' assertion, the issue of mootness was presented to this Court. In their memorandum in support of their motion to dismiss, Defendants inserted the following footnote:

> Plaintiff Faustino Yacobo was released on an order of supervision following a post- order custody review conducted by defendant Immigration and Customs Enforcement, (ICE) Chicago office on or about April 17, 2006, therefore he is no longer in ICE custody. Thus, the claims alleged by Plaintiff Yacobo are moot. *See Spencer v. Kemna,* 523 U.S. 1, 18 (1998) ("mootness, however, it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

In their opposition brief, the Plaintiffs stated the following in a footnote:

> The Government has not argued that this case has become moot on release of the Plaintiffs, nor would their release moot the case. The Plaintiffs have been released on supervision, but it is the position of the Government that they are subject to rearrest with no prior warning, for violation or alleged violation of the terms of their release, or if the Government concludes that it can effectuate removal to a third country. Thus, the harm complained of here is capable of repetition yet

evading review, and the claim is not moot. Plaintiffs also intend to ask leave to substitute new named Plaintiffs so as to continue to prosecute these class claims.

Plaintiffs contend they were not on notice that the Court might dismiss the case as to all of the claims, including those of the unnamed class members, on grounds of mootness. However, as seen above, Plaintiffs clearly contemplated dismissal on the grounds of mootness given that they asserted in their opposition brief that their individual claims were not subject to dismissal by virtue of the "capable of repetition yet evading review" exception and that their class claims would survive if they substituted "new named Plaintiffs so as to continue to prosecute these class claims."

Due to the facts of this case, Defendants did not include a complete mootness argument in their memorandum in support of their motion to dismiss. Khamo, the second named Plaintiff, was not released until after they had already filed the motion. On or about April 17, 2006, Faustino Yacobo was released from custody. On June 5, 2006, the other named plaintiff, Lenard Fraidon Khamo, was released from custody. About one month later, Plaintiffs filed their memorandum in opposition to the motion to dismiss. On July 21, 2006, Defendants filed their reply brief. Following the release of both plaintiffs from custody, the brief expanded upon the mootness argument and argued that the Plaintiffs could no longer establish Article III standing. On March 30, 2007, this Court granted Defendants' motion to dismiss based upon mootness. During the time that passed between the filing of Defendants' reply brief and this Court's decision, Plaintiffs did not either move to file a sur-reply, move for additional briefing, move to certify the class, or move to amend the complaint with substitute named plaintiffs in place of Yacobo and Khamo.

Rule 12(h)(3) allows a court to dismiss any action at any stage of the litigation upon learning that the court does not have subject-matter jurisdiction over the action. Thus, Plaintiffs' assertions that Defendants somehow waived their right to assert mootness is unconvincing. Plaintiffs also state that they have been prejudiced by this Court's "*sua sponte*" dismissal order because they were not given the opportunity to argue against the dismissal of their claims. They then cite to a few cases where courts, including the Seventh Circuit, counsel against *sua sponte* dismissals. For instance in *Shockley v. Jones*, the court explained that "even when the dismissal is on jurisdictional grounds, unless the defect is clearly incurable a district court should grant the plaintiff leave to amend, allow the parties to argue the jurisdictional issue, or provide the plaintiff with the opportunity to discover the facts necessary to establish jurisdiction." 823 F.2d 1068, 1073 (7th Cir. 1987).

First, this Court's Order of March 30, 2007 was not made *sua sponte*. Instead, it was made after consideration of the parties' submissions. Plaintiffs made a conscious decision to only address mootness in a footnote. They never asked this Court for an opportunity to file a sur-reply or for additional briefing after Defendants filed their reply brief.

Second, the defects depriving this court of subject-matter were incurable. The first defect was that Yacobo and Khamo were released from custody. The named-plaintiffs were seeking mandamus and release, but had already been released. Thus, there was nothing left to force the Defendants to do. The second defect was that Plaintiffs could not reasonably show that either would again be subjected to the same alleged illegality of an unreasonable detainment, as required under precedent. *Holstein*, 29 F.3d at 1147. Defendants stated they had no future plans to detain either Plaintiff. Plaintiffs argued that they are subject to rearrest without prior warning

for violation or alleged violation of the terms of their release, or if the Defendants conclude that removal to a third country can be effectuated. Whether Plaintiffs would violate their respective orders of supervision or whether the Plaintiffs' respective countries of origin become safe places is much too speculative and remote to constitute a reasonable likelihood of being subjected to the same situation again.

In sum, this Court's Order of March 30, 2007 was not made outside the adversarial issues presented because dismissal was predicated on mootness, an issue of subject matter jurisdiction that cannot be waived or ignored. Plaintiffs cannot be taken seriously that they lacked notice the Court might dismiss their claims based on mootness when they clearly argued that mootness would not apply given their assertion of the "capable of repetition but escaping review" doctrine and their intent to add new named-Plaintiffs to avoid dismissal of the class claims.[1]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **March 31, 2008**

---

[1] Plaintiffs never moved this Court to amend the complaint with new named Plaintiffs.

-6-